IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01193-WDM-MEH

MESA OIL, INC.,

      Plaintiff,

v.

NU VU FARMS, LLC,

      Defendant.

---

**ORDER DISCHARGING ORDER TO SHOW CAUSE
AND SANCTIONING DEFENDANT**

---

This matter comes before the Court on the Order to Show Cause issued December 22, 2006, for the failure of Defendant's representatives, David Grams and Kay Robohm, to appear at the Settlement Conference dated December 19, 2006. At the hearing on the Order to Show Cause held on January 17, 2007, Mr. Grams stated that he gave full authority to Mr. Robohm to appear on his behalf at the conference and was not informed that Mr. Robohm would not attend the conference because of his health. The Order to Show Cause was discharged as to Mr. Grams.

Mr. Robohm failed to appear at the hearing based on the weather conditions in Texas, and this Court continued the hearing on the Order to Show Cause with regard to Mr. Robohm to January 31, 2007. Prior to that date, Mr. Robohm was ordered to submit to the Court documentation supporting his reasons for failing to appear on both occasions as follows:

    1.    A statement from his doctor which describes his health condition in December and any travel advisory.

    2.    Declaration by Mr. Robinson stating his intent to attend today's hearing and the reason he was not able to make it.

Dock. #34, p. 2. In response, Mr. Robohm submitted the following documentation: (1) a "health

note" from his doctor's visit dated December 15, 2006, in which Dr. William R. Travis diagnoses Mr. Robohm as having "[a]cute bronchitis, cough, acute sinusitis, malaise, and fatigue"; (2) an email sent by Mr. Robohm to his counsel on December 16, 2006, stating he would be unable to attend the Settlement Conference due to his health; (3) various medical information showing his ongoing medical treatment; (4) a declaration of his intent to travel to Denver on January 17, 2007; and (5) various news clippings indicating the severity of the ice storm in Texas at that time.

Having reviewed this documentation, the Court hereby **discharges** the Order to Show Cause against Mr. Robohm individually.

Nevertheless, the Court's inquiry cannot end with the individual liability of Defendant's representatives. The record in this case evidences a severe lack of communication between Defendant and its counsel, as well as between the principal owners and representatives of Defendant, and Defendant displayed no concern with violating this Court's Order. The record indicates that Mr. Robohm made no attempt to contact Mr. Grams and ask him to appear on behalf of both of them. It is the responsibility of Defendant to have a representative appear in person at the Settlement Conference, and Defendant's failure in this regard burdened the Plaintiff with additional costs and fees for preparing for and attending a Settlement Conference that could not take place, as well as burdened this Court and its docket. Pursuant to this Court's Order dated December 4, 2006, "any person that attends the settlement conference without full authority, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the order side." Dock. #27.

The Court notes that Defendant has filed for bankruptcy, and, pursuant to 11 U.S.C. § 362, an automatic stay is in place in this case. Under the Bankruptcy Code, however, the Court's ability to assess sanctions is exempted from this stay. *See* 11 U.S.C. § 362(b)(4); *see also Berg v. Good Samaritan Hosp.*, 230 F.3d 1165, 1168 (9th Cir. 2000) (holding that sanctions imposed under Rule

38 are "to effectuate a public policy, not to protect the private rights or the government's interest in the sanctioned person's property"); *Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993) ("A litigant should not be allowed to delay the imposition of sanctions indefinitely by the expedient of declaring bankruptcy. Allowing him to do so would . . . create incentives for unprofessional conduct in litigation by firms or individuals teetering on the edge of the bankruptcy abyss."). As under Rule 38 and Rule 11, the purpose of awarding fees in this context is not simply to serve as a fee-shifting provision. Rather, it is intended to deter unprofessional conduct by the parties and to ensure compliance with Court orders. This, Defendant has failed to do, and the recent filing of bankruptcy cannot operate to limit the public's interest in this Court's ability to deter unprofessional litigation practices.

Accordingly, it is hereby ORDERED that Plaintiff shall have its reasonable costs attorney's fees associated with preparing for and attending the December 19, 2006, Settlement Conference by submitting an affidavit regarding the same no later than **February 5, 2007**. Defendant shall have until **February 16, 2007**, to object to the reasonableness of the requested amount.

It is further ORDERED that the Order to Show Cause against Kay Robohm individually is hereby **discharged**, and the continued hearing on the Order to Show Cause scheduled for January 31, 2007, is **vacated**.

Dated at Denver, Colorado this 29th day of January, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge