IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01193-WDM-MEH

MESA OIL, INC.,

    Plaintiff,

v.

NU VU FARMS, LLC,

    Defendant.

---

**ORDER FOR PAYMENT OF ATTORNEY'S FEES**

---

This matter comes before the Court Plaintiff's Amended Affidavit in Support of Attorney's Fees [Docket #49]. On January 29, 2007, this Court issued its Order discharging the Order to Show Cause against Defendant's representatives and sanctioning Defendant for failure to appear at the Settlement Conference scheduled for December 19, 2006. Dock. #38. The purposes of this sanction is to deter unprofessional conduct and to ensure compliance with Court orders. *See Alpern v. Leib*, 11 F.3d 689 (7th Cir. 1993) (holding that proceedings for sanctions are not subject to the automatic stay of bankruptcy even if the sanction is an award of attorney's fees). The Court ordered that Plaintiff shall have its reasonable costs and attorney's fees associated with preparing for and attending the December 19, 2006 Settlement Conference. *Id.* Plaintiff's counsel submitted her affidavit seeking fees of $3,211.00, and Defendant was given until February 16, 2007, to object the amount of fees requested. Defendant filed no objection, although the Court notes that Defendant's counsel withdrew from the case prior to that deadline.

In determining the fees that are reasonable, the Court conducts its own review of the fees requested to determine the appropriate sanction. Although a Settlement Conference is not currently scheduled in this case, it is anticipated a Settlement Conference will occur in every case. Thus, the

Court is wary of sanctioning Defendants for amounts that Plaintiff would otherwise incur. For this reason, the Court will not award fees for time spent drafting the initial confidential settlement statement that can be used when a Settlement Conference is held. The Court will award fees for those items related only to the Settlement Conference at which Defendant failed to appear. Specifically, the Court finds that the time related to drafting the updated settlement statement through attending the Conference, entries dated December 7, 2006, through December 19, 2006, is reasonable and also concludes that the billing rates listed below are reasonable based on the Denver market. Dock. #49, p. 3. The reasonable fees in this case include 5.2 hours of time billed by Ms. Gopal at the rate of $190.00 per hour ($988.00) and .8 hours of time billed by Mr. Painter at the rate of $285.00 per hour ($228.00), for a total of $1,216.00.

Accordingly, Defendant is ORDERED to pay to Plaintiff, care of Plaintiff's counsel, a sanction in the amount of one thousand two hundred sixteen dollars ($1,216.00) no later than **April 9, 2007**. Either party shall file a Certificate of Compliance no later than April 10, 2007, indicating the same.

Dated at Denver, Colorado this 8th day of March, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge